IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
UNITED STATES OF AMERICA      )
                              )
                              )
           v.                 )         1:18CR68-2
                              )
                              )
JEAN JESUS RODRIGUEZ-SILVA    )
```

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on the defendant's paper-filing (A) "request[ing] that th[e ancillary] proceeding [to enforce the criminal monetary penalties in his Judgment (Docket Entry 41) via garnishment of a Chase Bank account] be transferred by th[is] Court to the . . . district in wich [sic] [he] reside[s]" (Docket Entry 77 at 1;[1] see also id. (identifying Middle District of Pennsylvania as district of residence)), (B) "request[ing] a hearing" on the defendant's assertion that "an exemption from enforcement [of the Writ of Continuing Garnishment (Docket Entry 51)] applys [sic] in [this] case" (Docket Entry 77 at 2), and (C) "claim[ing as such] exemption(s) from enforcement . . . [w]earing apparel and school books" (id. at 3). For the reasons that follow, the Court should strike the instant paper-filing as frivolous.[2]

---

[1] Pin citations refer to the page numbers that appear in the footer appended to documents upon docketing via the CM/ECF system.

[2] Because the instant paper-filing includes (at least nominally) a defense to an ancillary proceeding (i.e., an objection
(continued...)

After the defendant's guilty plea to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, the Court (per United States District Judge William L. Osteen, Jr.) entered a Judgment sentencing the defendant to serve terms of imprisonment and supervised release, as well as to pay a $100 special assessment and $21,931.09 in restitution. (See Docket Entry 41 at 1-6.) The Judgment mandates payment of those criminal monetary penalties as a "[l]ump sum . . . due immediately . . . ." (Id. at 7.) Further, although the Judgment provides for monthly installments during the defendant's supervised release term to reduce any "balance due" (id.), it also declares that "payment of criminal monetary penalties is due during imprisonment" (id.) and that "[n]othing [t]herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties" (id.).

Six weeks after entry of the Judgment, its criminal monetary penalties remained unpaid. (See Docket Entry 47 at 1.) Accordingly, the United States applied for a Writ of Continuing Garnishment for "[a]ny and all bank accounts . . . held by Chase Bank, in the name of [the defendant], not to exceed the balance owed in th[e J]udgment of $22,031.09." (Id. at 2 (bold font

---

<sup>2</sup>(...continued)
to garnishment), the undersigned Magistrate Judge will enter a recommendation (rather than an order) regarding the instant paper-filing. See United States v. Tyson, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003) (concluding that ruling resolving contested garnishment required entry of final order by district judge).

-2-

omitted).)  On November 1, 2018, the Clerk issued that Writ (Docket Entry 51), and (pursuant to 28 U.S.C. § 3202(b)) the United States sent it to the defendant, along with an exemption form and instructions (including as to his 20-day deadline to claim exemptions, to request a hearing, and to seek a transfer to his district of residence) (see Docket Entry 52; see also Docket Entry 64 (showing (via Declaration with attached postal return-receipt signed on November 9, 2018) such mailing to the defendant at his place of imprisonment in the Middle District of Pennsylvania).) Chase Bank thereafter confirmed its "custody, control or possession of property of the [defendant]" in the form of an account with a "[v]alue" of "$5,751.14." (Docket Entry 72 at 2.)

On November 30, 2018, the United States filed a Motion for Order of Garnishment, in which it noted Chase Bank's report and the absence of any responsive filing by the defendant. (See Docket Entry 70.)  On December 18, 2018, the Court (per the undersigned Magistrate Judge) entered an Order of Garnishment (Docket Entry 75), directing Chase Bank to "pay to [the United States], the sum of $5,751.14, held in [the] bank account . . . belonging to [the d]efendant" (id. at 1).  Later that same day, the Clerk docketed the instant paper-filing from the defendant (Docket Entry 77), the first and last pages of which list a date of November 20, 2018 (id. at 1, 5).  The envelope that conveyed the instant paper-filing bears a post-mark of December 12, 2018.  (Docket Entry 77-1 at 1.)

-3-

As quoted above, the instant paper-filing seeks a transfer of this ancillary proceeding to the Middle District of Pennsylvania (Docket Entry 77 at 1) and requests a hearing on "an exemption from enforcement" (id. at 2); however, as grounds to avoid garnishment of the defendant's Chase Bank account, the instant paper-filing only invokes the exemption for "Wearing apparel and school books.—Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family." (Id. at 3.) The United States has responded that "[the d]efendant's motion to change venue and for a hearing should be denied and his claim for exemption overruled because the government does not seek to garnish any of the property which [he] claims as exempt." (Docket Entry 78 at 1.) The defendant has not replied. (See Docket Entries dated Dec. 21, 2018, to present.)

"Orders for restitution may be enforced by the United States in the same manner as a judgment imposing a fine." United States v. Wilson, No. 1:03CR407-3, 2014 WL 297676, at *1 (M.D.N.C. Jan. 27, 2014) (unpublished) (Webster, M.J.) (citing 18 U.S.C. § 3664(m)(1)(A)(i)), recommendation adopted, slip op. (M.D.N.C. Mar. 25, 2014) (Beaty, J.). "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a); see also United States v. Diehl, 848 F.3d 629, 631-32 (5th Cir. 2017) ("The Government is

-4-

authorized under 18 U.S.C. § 3613(a) to collect criminal fines and <u>special assessments</u> in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." (internal quotation marks omitted) (emphasis added)). In that regard, the Federal Debt Collection Procedures Act ("FDCPA") permits "[a] court [to] issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. 3205(a). "Once [a w]rit of [c]ontinuing [g]arnishment has been issued, a debtor may claim exemptions . . . ." <u>Wilson</u>, 2014 WL 297676, at *1. Further, although the debtor may request a hearing, "the issues at such a hearing are limited to the validity of any claim of exemption and the government's compliance with FDCPA's statutory requirements." <u>United States v. Pugh</u>, 75 F. App'x 546, 547 (8th Cir. 2003).

In this case, however, before addressing the defendant's request for a hearing and/or his lone exemption claim, the undersigned Magistrate Judge normally would have to consider the defendant's request for a transfer of this proceeding to the Middle District of Pennsylvania, as the FDCPA states that, "[i]f the debtor so requests, within 20 days after receiving the notice described in section . . . 3202(b), the action or proceeding in which the writ, order, or judgment was issued <u>shall be transferred</u>

-5-

to the district court for the district in which the debtor resides," 28 U.S.C. § 3004(b)(2) (emphasis added). Here, consideration of the defendant's transfer request would require resolution of difficult legal and factual questions.

For example, although the United States has argued that "[the d]efendant's motion to change venue should be denied because a hearing in this matter is not necessary" (Docket Entry 78 at 4; see also id. at 7 ("Transfer of [v]enue of this matter for a hearing is not necessary because the United States does not seek to garnish any of the property the [d]efendant claims as exempt.")), the above-quoted statutory language appears to obligate the Court to transfer the case to the defendant's district of residence (if he timely so requested) without assessing the merits of any exemption claimed by the defendant, see 28 U.S.C. § 3004(b)(2); see also United States v. Peters, 783 F.3d 1361, 1364 (11th Cir. 2015) ("Because [the defendant] requested a transfer and a hearing, his Amended Writ of Execution proceeding should have been transferred to the district, where he resides."). Moreover, controlling authority requires that this Court "follow the plain language of statutory provisions." Lee v. Boeing Co., Inc., 123 F.3d 801, 806 (4th Cir. 1997); see also United States v. Murphy, 35 F.3d 143, 145 (4th Cir. 1994) ("Courts are not free to read into [statutory] language what is not there, but rather should apply the statute as written."). To deny the defendant's request for transfer on the grounds urged by the

United States, the Court would have to conclude that it had identified "the rare circumstance . . . when a literal application [of a statute] would frustrate the statute's purpose or lead to an absurd result."  National Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen, 152 F.3d 283, 288 (4th Cir. 1998); see also United States v. Gipson, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010) ("[A defendant-]debtor is ordinarily entitled to transfer of an FDCPA collection proceeding to the [defendant-]debtor's district of residence upon a timely motion under § 3004(b)(2).  Nonetheless, a district court may, for good cause, deny the motion to transfer, and transfer typically should be denied where the fact-specific circumstances of the collection proceeding show that granting the request would frustrate the government's efforts to collect on [a] restitution judgment.").

Beyond that thorny, threshold issue, the defendant's request for a transfer of this case to the Middle District of Pennsylvania also would require taxing fact-finding and/or law-divining to determine (A) whether he "request[ed the transfer], within 20 days after receiving the notice described in section . . . 3202(b)," 28 U.S.C. § 3004(b)(2), and (B) whether that district constitutes the district "in which [he] resides," id.  As to the latter matter, "[t]here is a split of authority regarding whether an inmate resides at his place of incarceration or at his domicile prior to incarceration."  Brown v. Federal Bureau of Prisons, No. 11CV3191,

-7-

2012 WL 6774822, at *12 (D. Col. Dec. 7, 2012) (unpublished), recommendation adopted, 2013 WL 66503 (D. Col. Jan. 4, 2013) (unpublished). No clarity exists concerning the former matter either; although (as observed by the United States) "a copy of the original return-receipt[ for the notice under Section 3202(b)] show[s a] date of service [of] November 9, 2018" (Docket Entry 64 at 1), someone other than the defendant (perhaps a prison official) signed that return-receipt (see id. at 3). The return-receipt therefore does not establish when the defendant "receiv[ed] the notice," 28 U.S.C. § 3004(b)(2), or (by extension) when his 20-day period to seek a transfer began to run. Similarly, even if the defendant did receive the notice on or about November 9, 2018, his transfer request still might qualify as timely (despite the delay in its docketing until December 18, 2018), because he placed the date of November 20, 2018, at the top of the page containing the transfer request (see Docket Entry 77 at 1). But, of course, any such finding would depend on whether the prison mail-box rule applied, despite the defendant's failure to "submit[] a declaration under [28 U.S.C.] § 1746," United States v. McNeill, 523 F. App'x 979, 983 (4th Cir. 2013), or to even explicitly state that, on November 20, 2018, "he placed the [transfer request] in the prison mailing system," Henson v. Thaler, No. 4:12CV759, 2013 WL 1286214, at *1 n.3 (N.D. Tex. Mar. 8, 2013) (unpublished), recommendation adopted, 2013 WL 1286210 (N.D. Tex. Mar. 27, 2013) (unpublished).

-8-

The foregoing discussion suffices to show that, if possible, the Court should avoid delving into all the questions raised by the transfer request. Fortunately, an avenue exists to bypass that law school exam-like bramble of issues through which the Court otherwise would have to trudge. Specifically, the Court should exercise its "inherent power to strike [the defendant's] frivolous motions." Mathis v. Martin, No. 8:13CV2597, 2013 WL 5609134, at *3 (D. Md. Oct. 11, 2013) (unpublished).

"Every paper filed with the Clerk of this Court, no matter how . . . frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184 (1989). In other words, "[the C]ourt . . . must control its docket [because] docket expedition is a legitimate and worthy concern." United States v. Colon, 975 F.2d 128, 130 (4th Cir. 1992); see also Six v. Generations Fed. Credit Union, 891 F.3d 508, 519 (4th Cir. 2018) ("[F]ederal courts have inherent authority to sanction. This authority derives from courts' certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotation marks omitted)).

"[F]rivolous motions . . . waste[] scarce judicial resources." Davis v. Mitchell, No. 5:12CV493, 2013 WL 4041855, at *5 (E.D.N.C.

-9-

Aug. 8, 2013) (unpublished), aff'd, 553 F. App'x 356 (4th Cir. 2014). "Federal dockets are crowded enough with credible allegations of true harms. . . . [Frivolous filings] needlessly add to the delay in resolving truly legitimate disputes." Mason v. Machine Zone, Inc., 140 F. Supp. 3d 457, 469 n.20 (D. Md. 2015), aff'd, 851 F.3d 315 (4th Cir. 2017). Thus, "the court may strike such frivolous motions pursuant to its inherent power to control its docket." Nguy v. Cinch Bakery Equip., LLC, No. 2:13CV2283, 2015 WL 3937887, at *4 (E.D. Cal. June 26, 2015) (unpublished).

The defendant's instant paper-filing asks that (A) "this proceeding be transferred . . . [to another] district" (Docket Entry 77 at 1), (B) for "a hearing" on a purported "exemption from enforcement" of a writ garnishing funds in a Chase Bank account (id. at 2), but (C) "claim[s as such] exemption(s) . . . [only w]earing apparel and school books" (id. at 3). Funds in a bank account obviously do not consist of or include "[w]earing apparel and school books" (id.). See, e.g., United States v. Holcomb, No. 08-20003, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012) ("[T]he exemption[ for wearing apparel and school books] appl[ies] to a person's tangible assets, not to money that may be used to purchase such tangible items."). The patency of that fact renders the defendant's request for transfer of this proceeding and a hearing on his exemption claim indisputably frivolous.

-10-

**IT IS THEREFORE RECOMMENDED** that the defendant's paper-filing (Docket Entry 77) be stricken and that the Order of Garnishment (Docket Entry 75) be affirmed.

                                                /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                      **United States Magistrate Judge**

April 8, 2019